# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TELETIES, LLC,

    Plaintiff,

v.

DEFENDANTS #1-18 AS IDENTIFIED IN SCHEDULE "A",

    Defendants.

Case No:

**Injunctive Relief Requested**

## COMPLAINT

Plaintiff, Teleties, LLC, ("Teleties") sues Defendants #1-18 as identified in Schedule "A" (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. This action is brought under the United States Patent Act, 35 U.S.C. §§ 1 *et seq.*, for design patent infringement.

## PARTIES

2. Teleties is a Florida limited liability company with its principal place of business located at 145 Candice Drive, Maitland, FL 32751.

3. Defendants are individuals or business entities who reside in or are headquartered in the People's Republic of China.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 35 U.S.C. §§ 1 *et seq.* (the United States Patent Act), 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1338 (civil action arising under any Act of Congress relating to patents).

5. Defendants committed acts of patent infringement within this judicial district.

6. Personal jurisdiction over Defendants is vested in this Court by virtue of (a) Defendants' commission of tortious acts in Florida by committing design patent infringement through online e-commerce storefronts which are accessible in Florida and because Defendants' design patent infringement harmed Teleties in Florida; (b) Defendants' general presence within Florida due to its selling and offering for sale of goods within the state; and (c) Defendants' specific presence within Florida due to its selling and offering to sell within Florida the goods at issue in this Complaint.

7. Venue is proper in this Court pursuant to 28 U.S.C. 1391 for four reasons: (1) Teleties' claims arise within this District; (2) Teleties resides in this District; (3) Defendants have committed infringing acts within this District; and (4) Defendants have committed infringing acts outside this District which impact Teleties within this District. Specifically, each of the Defendants directly targets business activities toward consumers in the United States, including the State of Florida, through internet stores operating under the Online E-Commerce Marketplace Accounts identified in Schedule A attached hereto (Sealed) (collectively, the "Defendant E-commerce Stores"). Defendants are reaching out to do business with Florida residents by operating one or more

Defendant E-Commerce Stores, wherein Florida residents can purchase products that infringe upon Teleties' patented design. Each of the Defendants has targeted sales from Florida residents by operating the Defendant E-Commerce Stores which offer shipping to the United States, including to Florida, accept payment in U.S. dollars from Floridians, have sold or offer for sale products that infringe Teleties' patented design to the residents of Florida, and at least some of the Defendants have shipped infringing products into Florida and this District.

## BACKGROUND

8. Defendants are individuals or entities who either reside in or are otherwise organized under the laws of the People's Republic of China.

9. Defendants use different "seller" names and "business" names to operate the Defendant E-Commerce Stores but suspiciously share near identical digital storefront displays, product images, and near identical product packaging.

10. Defendants use these and other tactics to conceal their identities and the full scope of their operations to make it virtually impossible to learn Defendants' true identities and the interworking of their networks.

11. Defendants regularly create new online e-commerce storefronts and marketplace accounts on various e-commerce platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Defendants use such tactics to avoid being shut-down by owners of online e-commerce marketplaces when infringement

3

reports are submitted, and instead, Defendants redirect sales and sale proceeds to other accounts. As part of their tactics, Defendants launch multiple new online e-commerce storefronts almost daily which has left Plaintiff playing whack-a-mole with each new storefront. As a result, Plaintiff has had to continually amend and add to Schedule A while this Complaint was drafted.

12. Although Defendants operate under multiple fictitious names, there are numerous and significant similarities among the Defendant E-Commerce Stores, including those stated above. The Defendant E-Commerce Stores often share common product images, similar or identical pricing, offer the same discounts, use the same SEO tactics and product promotion methods, ship from the same locations in China (often from the same buildings, zip codes, and/or regions), use the same or similar packaging for shipping, and the online storefronts use near verbatim text, images, and product page layouts and color schemes. *See, e.g.*, Exhibit C; Exhibit D.

13. Defendants also use common tactics to evade enforcement efforts such as registering under new aliases once they receive a notice of infringement or a lawsuit.

14. Defendants tend to ship infringing products in small batches via international mail to avoid detection by the U.S. Customs and Boarder Protection.

**GENERAL ALLEGATIONS**

15. U.S. Design Patent No. D1,031,161 ("D'161 Patent") was issued on June 11, 2024. A true and correct copy of the D'161 Patent is attached as Exhibit B.

16. The D'161 Patent is entitled "FLAT HAIR CLIP" and claims "[t]he ornamental design for a flat hair clip, as shown and described." Ex. B at 1.

17. The D'161 Patent is assigned on its face to Teleties, LLC. Teleties has continuously held title in the D'161 Patent from issuance until the present. Teleties is and remains the sole owner of all right, title, and interest in and to the D'161 Patent.

18. Teleties, as the exclusive owner of the D'161 Patent, sells hair clips that embody the ornamental design of the D'161 Patent throughout the United States including, without limitation, through its own online storefront and on Amazon's U.S. e-commerce website Amazon.com.

19. Teleties has never licensed the D'161 Patent to anyone. At no time has Teleties ever granted any permission for any of the Defendants to make, use, sell, offer for sale, or import the patented design of the D'161 Patent.

20. Defendants, through their use of the Defendant E-Commerce Stores, conduct business throughout the United States, including in the State of Florida and in this Judicial District, by operating fully interactive commercial online marketplace stores through U.S. e-commerce platforms such as Amazon.com.

21. Defendants are believed to be an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use of products that infringe the D'161 Patent. An example of one of Defendants' infringing products that was shipped to this Judicial District is provide in the below chart:



22. As seen in the above example comparison, a side-by-side comparison shows the infringing product's design and the D'161 Patent design are identical in design and ornamental appearance. They have the exact same curvatures, the exact same number of prongs/teeth, and the exact same overall shape and ornamental design.

## COUNT I
### Infringement of United States Design Patent
### No. D1,031,161 (35 U.S.C. § 271)

23. Teleties incorporates by reference the General Allegations set forth above as though fully set forth herein.

24. As a result of Teleties' exclusive rights, title, and interest in the D'161 Patent, Teleties has standing and authority to bring this Complaint for patent infringement.

25. Defendants are infringing the sole claim of the D'161 Patent by making, using, importing, offering to sell, and selling, without authority within the United States or in this judicial district, hair clips that embody the design covered by the D'161 Patent.

26. Defendants will continue to infringe the D'161 Patent unless enjoined by this Court. Teleties is entitled to injunctive relief under 35 U.S.C. § 283.

27. Teleties has been damaged by Defendants' infringement of the D'161 Patent and is suffering and will continue to suffer damage and irreparable

harm as a result, unless this Court enjoins Defendants from continuing its activities.

28. Teleties is continuing to suffer damages as a proximate result of Defendants' infringement of the D'161 Patent. Teleties and Defendants both sell products embodying the design protected by D'161 Patent on Amazon. Defendants, through the Defendant E-Commerce Stores, sell their infringing products at a significantly reduced price in order to divert consumers away from Teleties, thereby causing significant harm to Teleties.

29. Defendants' infringement of the D'161 Patent has been and continues to be with knowledge of the D'161 Patent, has continued after receiving express notice of the D'161 Patent (via notices sent through Amazon) and Defendants' infringement thereof, and is willful.

30. Teleties is entitled to recover damages adequate to compensate for the infringement, including under 35 U.S.C § 289, and in no event less than those damages available under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE**, Teleties prays for judgment as follows:

31. That the D'161 patent has been and continues to be infringed by Defendants as alleged herein;

32. That Defendants and their respective officers, agents, affiliates, and employees, and those persons in active concert or participation with any of

them, and their successors and assigns be temporarily, preliminarily, and permanently enjoined and restrained from:

  a) Infringing the D'161 Patent, including but not limited to manufacturing, importing, selling, or offering for sale products that infringe the ornamental design embodied in the D'161 Patent, including any reproduction, copy, or colorable imitation thereof;

  b) aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the D'161 Patent; and

  c) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

33. Entry of an Order that, upon Teleties' request, those privy with the Defendants and those with knowledge of the injunction, including, without limitation, any online marketplace platform such as Amazon.com, Walmart.com, E-Bay, etc., and web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, financial institutions, third party processors, and other payment processing service providers, and Internet search engines such as Google, Microsoft Bing, and Yahoo (collectively, "Third-Party Providers") shall:

a) disable and cease providing services being used by the Defendants, currently or in the future, to engage in the sale or offer for sale of goods that infringe the D'161 Patent.

b) disable and cease displaying any advertisements used by or associated with the Defendants in connection with the sale or offer for sale of infringing goods embodying the D'161 Patent; and

c) take all steps necessary to prevent links to the Defendant E-Commerce Stores identified on Schedule A from displaying in search results any products that infringe the D'161 Patent, including, but not limited to, removing links to the Defendant E-Commerce Stores from any search index.

34. That Teleties be awarded all damages adequate to compensate it for Defendants' infringement and any other injury suffered by Teleties due to Defendants' wrongful acts, including any damages under 35 U.S.C. § 284 or 35 U.S.C. § 289;

35. That Defendants' infringement of the D'161 Patent has been and continues to be willful, and awarding Teleties treble damages in light of Defendants' willful infringement;

36. That this case is exceptional under 35 U.S.C. § 285;

37. Awarding Teleties its attorneys' fees and costs; and

38. Awarding Teleties any and all other relief that this Court deems just and proper.

Date: March 26, 2025

        HILL WARD HENDERSON, P.A.

        <u>*/s/ Thomas Banks*</u>
        Thomas J. Banks (FBN 1017731)
        (*Lead Attorney*)
        David L. Luikart III (FBN 21079)
        HILL WARD HENDERSON, P.A.
        101 East Kennedy Blvd., Ste. 3700
        Tampa, Florida 33602
        Tel: (813) 221-3900
        Fax: (813) 221-2900
        Thomas.Banks@hwhlaw.com
        Dave.Luikart@hwhlaw.com
        Anna.Mukhova@hwhlaw.com
        Julie.Mcdaniel@hwhlaw.com
        Michelle.Armstrong@hwhlaw.com