UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELETIES, LLC,

    Plaintiff,

v.                                                                                  Case No: 6:25-cv-539-JSS-RMN

DEFENDANTS #1-18 AS
IDENTIFIED IN SCHEDULE "A,"

    Defendants.
_____/

## **ORDER**

    Plaintiff moves for entry of stipulated permanent injunctions that state: "Settled Defendant[s], their respective officers, directors, employees, agents, subsidiaries, and distributors, are permanently enjoined from making, using, selling, offering for sale, and/or importing any product that infringes [Plaintiff's] intellectual property rights including, but in no way limited to, U.S. Design Patent No. D1,031,161." (Dkts. 90, 90-1, 96, 96-1.) However, the motions—each a single sentence devoid of legal citation, (*see* Dkts. 90, 96)—do not comply with Local Rule 3.01(a), which requires "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request," M.D. Fla. R. 3.01(a). Further, the proposed injunctions, (*see* Dkts. 90-1, 96-1), do not comply with Federal Rule of Civil Procedure 65(d)(1), which requires "[e]very order granting an injunction" to "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required," Fed. R. Civ. P. 65(d)(1). Although Rule 65 generally concerns

preliminary injunctions and temporary restraining orders, Rule 65(d) applies to permanent injunctions, as well. *See Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (applying Rule 65(d) to a permanent injunction). The proposed injunctions should set forth their terms "with specificity" and describe the acts restrained "in sufficient detail to 'apprise those within [their] scope of the conduct that is being proscribed.'" *Sec. & Exch. Comm'n v. Rivers*, 272 F.R.D. 607, 608 (M.D. Fla. 2011) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1185 (11th Cir. 2010)).

    Accordingly:

1. The motions (Dkts. 90, 96) are **DENIED without prejudice**.

2. The motion to strike one of the motions (Dkt. 92) is **DENIED as moot**.

    **ORDERED** in Orlando, Florida, on July 8, 2025.

                                                 JULIE S. SNEED
                                           UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties