UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELETIES, LLC,

    Plaintiff,

v.                                                                                  Case No: 6:25-cv-539-JSS-RMN

DEFENDANTS #1-18 AS
IDENTIFIED IN SCHEDULE "A,"

    Defendants.
_____/

## ORDER

    Plaintiff and twelve Defendants move for entry of a stipulated permanent injunction prohibiting these Defendants from "making, using, selling, offering for sale, and/or importing *any product* that infringes [Plaintiff's] *intellectual property rights* including, *but in no way limited to*, U.S. Design Patent No. D1,031,161." (Dkt. 107-1 at 3 (emphasis added).)  This proposed injunction does not comply with Federal Rule of Civil Procedure 65(d)(1), which requires "[e]very order granting an injunction" to "state the reasons why it issued," "state its terms specifically," and "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).  Although Rule 65 generally concerns preliminary injunctions and temporary restraining orders, Rule 65(d) applies to permanent injunctions, as well.  *See Hughey v. JMS Dev. Corp.*, 78 F.3d 1523, 1531 (11th Cir. 1996) (applying Rule 65(d) to a permanent injunction).  The proposed injunction should set forth its terms "with specificity" and describe the acts restrained "in sufficient detail to 'apprise those within its scope of the conduct that is being

proscribed.'" *Sec. & Exch. Comm'n v. Rivers*, 272 F.R.D. 607, 608 (M.D. Fla. 2011) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1185 (11th Cir. 2010)).

The parties contend that "[a] defendant's agreement to the terms of a permanent injunction [is] alone sufficient to satisfy the requirements of Rule 65(d)." (Dkt. 107 at 2.) To support this contention, they cite *Rivers*, 272 F.R.D. 607. (Dkt. 107 at 2–3.) However, *Rivers* illustrates that "the agreement of a defendant to the terms of a permanent injunction is alone sufficient to satisfy Rule 65(d)(1)(A)" in particular. 272 F.R.D. at 608 (citing *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 513 (7th Cir. 2000)). In other words, a defendant's agreement may explain why an injunction issues. *See* Fed. R. Civ. P. 65(d)(1)(A). *Rivers* does not support that a defendant's agreement to an injunction's terms ensures that the injunction "state[s] [the] terms specifically" and "describe[s] in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B)–(C). In fact, *Rivers* analyzes these requirements separately. *See* 272 F.R.D. at 608 ("The [c]ourt *additionally finds* that the terms of the injunction are set forth with specificity and that the acts restrained or required are described in sufficient detail . . . ." (emphasis added)).

Because the proposed injunction (Dkt. 107-1) does not fully satisfy Rule 65(d), the parties' motion (Dkt. 107) is **DENIED without prejudice**. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1223 (11th Cir. 2000) ("The specificity requirement of Rule 65(d) is no mere technicality; the command of specificity is a reflection of the seriousness of the consequences which may flow from

a violation of an injunctive order." (alteration adopted and quotation omitted)); *Hughey*, 78 F.3d at 1531 ("[A]n ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." (quotation omitted)).

**ORDERED** in Orlando, Florida, on September 2, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties