UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELETIES, LLC,

      Plaintiff,

     vs.

DEFENDANTS #1-18 AS
IDENTIFIED IN SCHEDULE
"A",

      Defendants.

Case No.
6:25-cv-539-JSS-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Motion for Final Default Judgment (Dkt. 109), filed August 28, 2025. The Motion has been referred to me for a Report and Recommendation. Upon consideration, I respectfully recommend that Plaintiff's Motion be granted.

## I.  BACKGROUND

Teleties, LLC, the exclusive owner of a design patent (referred to here as the D'161 Patent), filed this lawsuit on March 26, 2025. The complaint alleges that the numerous defendants are the "active, conscious, and dominant forces" behind the promotion, advertisement, distribution, offering for sale, and sale of products that are substantially

similar, if not identical, to the design protected by the D'161 Patent. *See* Dkt. 1; Dkt. 1-1 (Schedule A). Defendants were properly served with the Complaint and failed to timely respond. *See* Dkts. 14; 17. As a result, the Clerk of Court entered Clerk's Defaults on May 30, 2025. *See* Dkts. 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65. Under Federal Rule of Civil Procedure 55(b)(2), Plaintiff now moves for entry of final default judgment. Dkt. 109. The matter is ripe for adjudication.

## II.  LEGAL STANDARDS

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, the Plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pleaded factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] If default judgment is warranted, then the Court must next consider whether the

_____

[1] All decisions of the former Fifth Circuit handed down before October 1, 1981, are binding here. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

## III.  ANALYSIS

In this Report, I will first consider the Court's jurisdiction over Plaintiff's claims and Defendants, and whether service and the entry of default are proper. I then address Defendants' liability and Plaintiff's request for permanent injunctive relief.

### A.    Jurisdiction

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Because this action arises under an Act of Congress relating to a patent, the Court has subject-matter jurisdiction. *Id.*

The Court must also consider whether it has personal jurisdiction over the defaulting defendants. *Stephenson v. Mountain Run Sols., LLC*, No. 8:21-cv-2256, 2023 WL 2561365, at *4 (M.D. Fla. Mar. 17, 2023) (citing *Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984)). The Complaint alleges Defendants are individuals are business entities who reside in or are headquartered in the People's Republic of China. Dkt. 1 at ¶ 3. Thus, for a nonresident defendant, the Court must "engage in a two-part

analysis to determine whether it has jurisdiction over the nonresident defendant and can exercise that jurisdiction only if both prongs are satisfied." *Abramson v. Walt Disney Co.*, 132 F. App'x 273, 275 (11th Cir. 2005) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

"The first prong of the analysis requires examination of whether a basis of jurisdiction is provided under the forum's long arm statute." *Abramson*, 132 F. App'x at 275. Florida Statute § 48.193(1)(a) provides that a person or entity submits himself to the jurisdiction of the State of Florida by "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," or by "[c]ommitting a tortious act within the state." Fla. Stat. § 48.193(1)(a)(1)–(2). The well-pleaded allegations of Plaintiff's Complaint reflect that Defendants (1) committed tortious acts in Florida by committing design patent infringement through online e-commerce storefronts accessible in Florida, harming Teleties in Florida; and (2) operated or engaged in business in the state of Florida by offering their products for sale via e-commerce accessible in the state. *See* Dkt. 1.

The second prong of the analysis asks whether there are sufficient minimum contacts to satisfy due process concerns. *Abramson*, 132 F. App'x at 275. First, the contacts must relate to Plaintiff's cause of action or have given rise to it. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Second, "the contacts must involve some

purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws." *Id.* Finally, the contacts within Florida must be such that the foreign defendants should reasonably anticipate being haled into court there. *Id.*

I find there are sufficient minimum contacts here to justify haling Defendants into Florida court. Through default the Defendants admit they conducted business via e-commerce in Florida and committed tortious conduct in the state. *See* Dkt. 1 ¶¶ 11–14, 20–21. I find that the allegations in the Complaint are sufficient to demonstrate that the Court has personal jurisdiction over Defendants based on their business activities and tortious conduct within the state.

B.    **The Entry of Default**

Plaintiff was granted leave to use alternative service to serve process on Defendants (Dkt. 14) and executed such service on April 22, 2025. *See* Dkt. 17. Defendants did not appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Defaults on May 30, 2025. *See* Dkts. 52, 53, 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65.

C.    **Liability**

35 U.S.C. § 271(a) states that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the

patent." *See also Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1378 (Fed. Cir. 2017) ("One who 'makes' a patented invention without authorization infringes the patent." (quoting *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1290 (Fed. Cir. 2011)). For a plaintiff to plausibly allege that a defendant directly infringed its patent, plaintiff must, through the complaint, "place the alleged infringer 'on notice of what activity . . . is being accused of infringement.'" *Id.* at 1379 (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) (omission in original)). The Federal Circuit has explained that a patent infringement claim must satisfy five elements at the pleading stage.[2] The plaintiff must "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013); *see*

---

[2] The United States Court of Appeals for the Federal Circuit has "exclusive jurisdiction . . . of an appeal from a final decision of a district court" in any civil action "relating to patents." 28 U.S.C. § 1295(a). Generally, the Federal Circuit applies its own precedent to resolving issues unique to patents and regional circuit law to non-patent and procedural issues. *See Biodex Corp. v. Loredan Biomed., Inc.*, 946 F.2d 850, 857–58 (Fed. Cir. 1991) Thus, to determine whether the Complaint states a claim for relief under patent law, the Court applies substantive law of the Federal Circuit.

*also O.E. Wheel Distribs., LLC v. Mobile Hi-Tech Wheels, LLC*, No. 8:21-cv-2573, 2022 WL 2918028, at *8 (M.D. Fla. July 25, 2022).[3]

"[I]nfringement of a design patent is based on the design as a whole, not on any 'points of novelty.'" *Hall*, 705 F.3d at 1363 (quoting *Eqyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008)). The Federal Circuit has stated that "[t]he criterion is 'if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Id.* (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)).

Because the defaulting Defendants have admitted the factual allegations in the Complaint, I find that they plausibly infringed the D'161 Patent. The Complaint compares the patent drawings to photographs of the accused products. *See* Dkt. 1 at ¶ 21; see also Dkt. 3-4 (sealed Exhibit B). The Complaint states that the design and the infringing products have the exact same curvatures, number of prongs/teeth, and same overall shape and ornamental design. *Id.* at

---

[3] Decisions of other courts are cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

¶ 22. The Complaint alleges that the design drawings and the infringing products are "identical in design and ornamental appearance." *Id.* These allegations are consistent with the photos provided, which show that the two products are nearly identical. *Id.* at ¶ 21; *see also* Dkt. 3-4 (sealed exhibit B). I therefore find Plaintiff's Complaint to sufficiently allege a claim for patent infringement.

### D.    Remedies

Plaintiff asks the Court to award a permanent injunction against the Defaulting Defendants. The Court has found such a remedy proper and has already entered a permanent injunction against other defendants in this case. *See* Dkt. 113. I agree a permanent injunction against the defaulting Defendants is proper and appropriate. I therefore recommend the Court enter an injunction against the defaulting Defendants that is identical in scope as the injunction already entered against the remaining Defendants in this case. *See Id.*

## IV.   RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1.    **GRANT** Plaintiff's Motion for Default Judgment (Dkt. 109);

2.    **DIRECT** the Clerk to enter default judgment against the Defaulting Defendants, DMHBHZH-US (Def. No. 1), HYFWBGS (Def. No. 3), JUNLIFUSHI (Def. No. 4), Nicboee (Def. No. 5), 山西

超 凡电子商务有限公司 (Def. No. 13), and Elycati (Def. No. 16) as to Plaintiff's Complaint (Dkt. 1);

3.    **ENTER** a permanent injunction against the Defaulting Defendants identical to the permanent injunction issued at Dkt. 113; and

4.    **DIRECT** the Clerk to close the case once judgment is entered accordingly.

<u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on September 11, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Julie S. Sneed

Counsel of Record