UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TELETIES, LLC,

     Plaintiff,

v.                                Case No: 6:25-cv-539-JSS-RMN

DEFENDANTS #1-18 AS
IDENTIFIED IN SCHEDULE "A,"

     Defendants.
_____/

## ORDER

    In this patent infringement case, the Clerk has entered default against six Defendants: DMHBHZH-US (Def. No. 1), HYFWBGS (Def. No. 3), JUNLIFUSHI (Def. No. 4), Nicboee (Def. No. 5), 山西超 凡电子商务有限公司 (brand: HEAVYSEVEN) (Def. No. 13), and Elycati (Def. No. 16) (collectively, the Defaulting Defendants). (Dkts. 53, 55, 56, 57, 62, 64.) Plaintiff, Teleties, LLC, moves for default judgment against these Defendants. (Dkt. 109.) The magistrate judge recommends granting Plaintiff's motion and directing the Clerk to enter default judgment against the Defaulting Defendants. (Dkt. 114.) The magistrate judge further recommends entering a permanent injunction against the Defaulting Defendants modeled on the September 8, 2025 permanent injunction in this case (Dkt. 113) and directing the Clerk to close the case once judgment is entered accordingly. (Dkt. 114.) No party has filed objections to the recommendation, and the time to do so has passed. Upon consideration, for the reasons outlined below, the court adopts the recommendation.

After conducting a careful and complete review of the findings and recommendations made by a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72. A party must serve and file written objections to a magistrate judge's recommendation within fourteen days of being served with a copy of it, 28 U.S.C. § 636(b)(1)(C), and the failure to object in a timely fashion "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," 11th Cir. R. 3-1. For dispositive matters, the district judge reviews de novo any portion of the recommendation to which a timely objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed."). Even in the absence of a specific objection, the district judge reviews legal conclusions de novo. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Here, upon conducting a careful and complete review of the magistrate judge's recommendation and giving de novo review to matters of law, the court agrees with the recommendation in full. As to the recommended permanent injunction, Federal Rule of Civil Procedure 65 requires "[e]very order granting an injunction" to "state the reasons why [the injunction] issued," "state [the] terms [of the injunction] specifically," and "describe in reasonable detail—and not by referring to [a] complaint or other document—the act or acts restrained or required" by the injunction. Fed. R.

Civ. P. 65(d)(1). The court issues the injunction below not only because the magistrate judge wisely recommends doing so but also because Plaintiff is entitled to default judgment and has satisfied the four prerequisites for permanent injunctive relief. *See Young Isr. of Tampa, Inc. v. Hillsborough Area Reg'l Transit Auth.*, 89 F.4th 1337, 1351 (11th Cir. 2024) ("To obtain a permanent injunction, a plaintiff must show (1) that he has suffered an irreparable injury[,] (2) that his remedies at law are inadequate[,] (3) that the balance of hardships weighs in his favor[,] and (4) that a permanent injunction would not disserve the public interest." (citing *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006))). First, Plaintiff has suffered—and absent an injunction, would continue to suffer—irreparable injuries such as loss of exclusivity, loss of market share, loss of revenue, and loss of goodwill as a result of the Defaulting Defendants' infringement of Plaintiff's patent. (*See* Dkt. 109 at 8–10.) Second, Plaintiff has no adequate remedies at law. (*See id.*) Third, the balance of hardships weighs in Plaintiff's favor because without an injunction, Plaintiff must compete against its patented products in the marketplace and because any hardships suffered by the Defaulting Defendants arise from their own infringement of Plaintiff's patent. (*See id.* at 10–11.) Fourth, entering a permanent injunction for Plaintiff against the Defaulting Defendants will promote, rather than disserve, the public interest because it will uphold Plaintiff's patent rights specifically and the patent system more broadly and will prevent deception and confusion in the marketplace. (*See id.* at 11.)

    Accordingly:

1. The magistrate judge's recommendation (Dkt. 114) is **ADOPTED** and

incorporated into this order for all purposes as if fully set forth herein.

2. Plaintiff's motion for default judgment (Dkt. 109) is **GRANTED**.

3. The Clerk is **DIRECTED** to enter default judgment against the Defaulting Defendants as to Plaintiff's complaint (Dkt. 1).

4. Once judgment is entered, the Clerk is further **DIRECTED** to terminate any pending motions and deadlines and close this case.

5. The following permanent injunction is **ENTERED** against the Defaulting Defendants:

## PERMANENT INJUNCTION AGAINST THE DEFAULTING DEFENDANTS

Defendants DMHBHZH-US (Def. No. 1), HYFWBGS (Def. No. 3), JUNLIFUSHI (Def. No. 4), Nicboe (Def. No. 5), 山西超 凡电子商务有限公司 (brand: HEAVYSEVEN) (Def. No. 13), and Elycati (Def. No. 16) (collectively, the Defaulting Defendants) are liable for infringing on a design patent belonging to Plaintiff, Teleties, LLC. Further, Plaintiff has established its entitlement to permanent injunctive relief against these Defendants.

Accordingly:

1. The Defaulting Defendants shall be bound by the terms of this permanent injunction.

2. The Defaulting Defendants, along with their respective directors, principals, officers or agents, employees, successors, affiliates, subsidiaries, related companies, assigns and transferees, and all those persons or entities acting in

concert or participation with them, shall be and hereby are **PERMANENTLY ENJOINED** and restrained from making, using, selling, offering for sale, and/or importing any product bearing the ornamental design embodied in Plaintiff's patent (Patent Number D1,031,161), including any reproduction, copy, or colorable imitation thereof.

3. Nothing in this permanent injunction precludes Plaintiff or the Defaulting Defendants from asserting any claims or rights that arise after entry of this permanent injunction based upon any breach of, or inaccuracy of, any provision in this permanent injunction or of any confidential settlement agreement reached between Plaintiff and one or more of the Defaulting Defendants.

4. This permanent injunction applies to and binds all parties who are in active concert or participation with the Defaulting Defendants as provided in Federal Rule of Civil Procedure 65(d)(2)(C).

5. The court retains jurisdiction over this matter for the purposes of enforcing this permanent injunction and any confidential settlement agreement reached between Plaintiff and one or more of the Defaulting Defendants.

**ORDERED** in Orlando, Florida, on October 10, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties